UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY L. FLETCHER,

  Plaintiff,

  v.

WARDEN OF SALINAS VALLEY STATE PRISON, et al.,

  Defendants.

Case No. 18-cv-03520-YGR (PR)

**ORDER OF DISMISSAL**

Plaintiff filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by prison officials at Salinas Valley State Prison ("SVSP"). Plaintiff's complaint is now before the Court for review pursuant to 28 U.S.C. §1915A, along with his motion for leave to proceed *in forma pauperis*, which will be granted in a separate Order. Plaintiff seeks monetary damages.

For the reasons discussed below, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

### I. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

The instant complaint alleges a violation of Plaintiff's Eighth Amendment rights stemming from an incident on November 30, 2017 in which Plaintiff claims that he "had an attempt[ed] assassination made on his life" (apparently he suffered a blow to the head, which rendered him unconscious) even after Plaintiff requested that Defendants remove him from being housed SVSP because he claimed his life was in danger. Dkt. 1 at 3, 8. Such a claim is duplicative of his claim pending in this Court in a previously-filed matter, and it will therefore be dismissed as explained below. *See* Case No. C 18-3350 YGR (PR).

The Court may dismiss as frivolous a complaint that merely repeats pending or previously litigated claims. 28 U.S.C. § 1915A. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

Plaintiff has previously filed a civil rights action against similar SVSP prison officials that is currently pending in this Court. *See* Case No. C 18-3350 YGR (PR). The Court has reviewed the earlier filed complaint and determined that it alleges the same cause of action as the one alleged in the instant complaint against the same SVSP Defendants. *Compare* Dkt. 1 *to* Dkt. 1 in Case No. C 18-3350 YGR (PR).

Accordingly, the instant complaint filed against the SVSP Defendants in this matter is DISMISSED as repetitive and frivolous. 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

For the foregoing reasons, Plaintiff's action is DISMISSED as duplicative and frivolous. 28 U.S.C. § 1915A (b)(1). The Clerk of Court shall terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

Dated: January 16, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge